UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JESSE RIVERA, Individually and as Representative of the Estate of SYLVIA A. RIVERA, Deceased; ADRIAN RIVERA; and DEBRA LEE RIVERA, | § § § § § § | CIVIL ACTION NO. |
| Plaintiffs, | § | SA-05-CA-0101 RF |
| v. | § § | |
| UNITED STATES OF AMERICA and STAR MED AGENCY, a/k/a STAR MED HEALTH PERSONNEL, d/b/a INTELISTAF HEALTHCARE, INC., | § § § § § | |
| Defendants. | § | |

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ORDER COMPELLING DISCOVERY (DOCKET ENTRY 32)

Before the Court is plaintiffs' May 5, 2006 motion for an order compelling discovery from defendants Star Med Agency a/k/a Star Med Health Personnel, d/b/a Intelistaff Healthcare, Inc. [hereinafter "Star Med"] and Betty Hahn [hereinafter "Hahn"]. [Docket No. 32 ].

The Court has carefully reviewed plaintiffs' motion, as well as the defendants' May 19, 2006 response thereto. [Docket No. 35]. In addition, the Court has reviewed plaintiffs' June 21, 2006 response [Docket No. 42] to this Court's June 14, 2006 order. [Docket No. 42]. The matter is now ripe for disposition.

**Plaintiffs' Interrogatories**

Plaintiffs served identical interrogatories to both Star Med and Hahn on February 16,

2006.  At issue are objections and answers served on April 10, 2006 by both defendants to Interrogatories Nos. 1, 6, 7, 8, 9, 10 and 11, which objections and answers are, for all intents and purposes, also identical.

Without bothering to set forth each of the foregoing interrogatories verbatim, it is sufficient to note that these interrogatories seek the identification of individuals with knowledge of relevant facts (Interrogatory No. 1); the identification of witnesses and documents upon which the defendants rely in interposing various affirmative defenses in their answer to plaintiffs' complaint, including defenses having to do with issues of causation (Interrogatories Nos. 6, 8 and 9) and other responsible parties (Interrogatory No. 7); information regarding other lawsuits or claims against Star Med (Interrogatory No. 10); and information regarding complaints or disciplinary actions taken against Hahn (Interrogatory No. 11).

Each of the foregoing interrogatories was objected to by Star Med and Hahn in their April 10th responses as being "overly broad, vague, ambiguous, and unduly burdensome."  None of the requested, substantive information sought by the various interrogatories was provided, and every answer was premised with the words "subject to [the foregoing] objections."

On April 12, 2006, consonant with the requirements of Federal Rule of Civil Procedure 37(a)(2)(A) and Local Court Rule CV-7(h), counsel for plaintiffs wrote a letter to defendants' counsel regarding the objections interposed, attempting to address the objections made, and asking that the interrogatories be answered.  When no response to this April 12th letter was forthcoming from defendants' counsel, plaintiffs' counsel filed the instant motion to compel answers by defendants Star Med and Hahn to the interrogatories.

On May 19, 2006, as part of their response to plaintiffs' motion to compel [Docket No.

35], defendants filed and served "amended objections and answers" to plaintiffs' interrogatories. In general, these amended discovery responses interpose the same objections made initially to each interrogatory, except perhaps insofar as to further elaborate upon them, and interpose additional objections, such as that the interrogatory is "duplicative" of defendants Rule 26(a)(1) initial disclosures, or that the interrogatory is "premature," or "multiplicative," or that the information sought by the interrogatory is "obtainable from some other source that is more convenient and less burdensome." "Subject" to these objections, defendants proceed to somewhat more substantively answer the interrogatories; for example, to identify individuals with relevant knowledge by name. (*See, e.g.,* Amended Answer to Interrogatory No. 1).

In their June 21, 2006 response [Docket No. 42] made in response to this Court's June 14, 2006 order, which inquired from plaintiffs whether defendants' amended answers to the disputed interrogatories were now acceptable, plaintiffs continue to insist that the answers provided, even as amended, are, overall, either substantively inadequate, or improperly conditioned on legally insufficient objections.

The Court agrees with plaintiffs. The Court has carefully reviewed each of plaintiffs' Interrogatories Nos. 1, 6, 7, 8 and 9, and none of these interrogatories are subject to the objections made to them. It is one thing for a party to condition its answer upon what further discovery in the case might reveal; it is another altogether to condition its answer upon a litany of inapplicable, boiler-plate objections. Moreover, it is clear that what factual information is provided by defendants in their amended answers to the foregoing interrogatories came only in response to plaintiffs filing their motion to compel; it was not forthcoming in response to plaintiffs' counsel's April 12th letter. Accordingly, plaintiffs' motion to compel as to

Interrogatories Nos. 1, 6, 7, 8 and 9 is granted, and defendants are directed to serve full and complete answers to the foregoing interrogatories, without objection, within ten (10) days from the date of this order.

Were it were not for the fact that plaintiffs' counsel in his motion to compel (*see* motion to compel, Docket No. 32, at 10-11) specifically stated that he does not seek sanctions by way of attorney's fees and costs in connection with the presentation of his motion, the Court would award them, as they are, in the Court's opinion, clearly called for under the plain language of Rule 37 (a)(4)(A).

With respect to plaintiffs' Interrogatories Nos. 10 and 11, having to do with information regarding lawsuits or claims made against Star Med (Interrogatory No. 10) and complaints or disciplinary actions taken against Hahn (Interrogatory No. 11): The only possible, viable objection among the same litany of boiler-plate objections interposed by defendants to these two interrogatories is defendants' objection on the grounds of relevancy. However, the Court is constrained to rule that even *that* objection, in the context of the Rule 26 discovery proceedings in *this* case, cannot be sustained. In the context of any discussion of "relevancy," it is important to bear in mind that what might be deemed "relevant" for purposes of discovery, and what might subsequently be deemed "relevant" for purposes of trial, are two separate questions. Accordingly, plaintiffs' motion to compel as to Interrogatories Nos. 10 and 11 is granted, and defendants are directed to serve full and complete answers to the foregoing Interrogatories Nos. 10 and 11, without objection, within ten (10) days from the date of this order.

### **Plaintiffs' Requests for Production**

Along with their February 16, 2006 interrogatories, plaintiffs served requests for

production, two of which, Requests Nos. 5 (seeking the personnel file of Hahn) and 13 (seeking documents establishing the relationship between Star Med and the United States), remain subject to dispute.  Defendants in their initial, April 10, 2006 responses interposed many of the same boiler-plate objections to these requests as they did with respect to plaintiffs' interrogatories.  As to Hahn's personnel file (Request No. 5) however, defendants interposed additional, more specific objections directed to concerns having to due with Hahn's privacy interests in her personnel file.  Nonetheless, in their amended responses, served as a part of their May 19, 2006 response to plaintiffs' motion to compel, defendants state that they will provide the documents sought by Requests Nos. 5 and 13, "subject to, and without waiving, [their] previous objections."  Plaintiffs in their June 21, 2006 supplemental response eschew defendants' production of the documents subject to objection, and want the documents produced "without qualification or reservation."

The Court will grant plaintiffs' motion to compel as to Request No. 13.  Defendants' boiler-plate objections to documents establishing the relationship between Star Med and the United States cannot be sustained.  Clearly, that information is relevant as defined by Federal Rule of Civil Procedure 26(b)(1) and no valid objection has been interposed.  Production of documents responsive to this request must be made free of objection.

With respect to plaintiffs' motion to compel as to Request No. 5 however, the Court is sensitive to both the potential privacy and relevancy objections interposed by defendants to the production of Hahn's personnel file.  Accordingly, plaintiffs' motion to compel as to Request No. 5 is denied to the extent that it seeks the production of documents responsive to that request free of and/or not subject to objection on the grounds of privacy and/or relevancy.

**Conclusion**

For the reasons set forth above, it is ORDERED that plaintiffs' motion to compel is GRANTED as to Interrogatories Nos. 1, 6, 7, 8, 9, 10 and 11, and as to Request for Production No. 13.  Plaintiffs' motion to compel is DENIED as to Request No. 5.  Each party shall bear its own costs in connection with the presentation of and/or defense against plaintiffs' motion.

**SIGNED** on June 29, 2006.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE